**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7188**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WAYNE VINSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, Senior District Judge.  (3:06-cr-01170-CMC-1)

Submitted:  December 17, 2019     Decided:  December 20, 2019

Before KING, FLOYD, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Wayne Vinson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne Vinson, a federal prisoner, seeks to appeal the district court's order denying his Fed. R. Civ. P. 36 motion to correct a clerical error in his presentence report and also treating the motion as either a 28 U.S.C. § 2241 (2012) petition or a successive 28 U.S.C. § 2255 (2012) motion. As to the denial of a correction to his presentence report under Rule 36 and the denial of relief under § 2241, we have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Vinson*, No. 3:06-cr-01170-CMC-1 (D.S.C. Aug. 2, 2019).

To the extent that the district court construed the motion as an unauthorized successive § 2255 motion, the order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Vinson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal of the portion of the order dismissing the motion as unauthorized and successive.

2

Additionally, we construe Vinson's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

> (1) newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Vinson's claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2255 motion.

Finally, we deny Vinson's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*